## NELSON SHERWOOD *vs.* HENRY Q. ANDREWS & trustee.

A deposit of money in the hands of a third person, to be held in trust for the depositor's minor son, with the agreement that the trustee shall retain it for a certain time at a specified rate of interest, and in the mean time prepare a deed of trust, creates a complete trust, and leaves no power in the depositor to dispose of the money for his own benefit.

TRUSTEE PROCESS, by writ dated March 3, 1859, to recover the amount of a note for $5000, dated December 1, 1858. The answer of Theophilus P. Chandler, summoned as trustee, disclosed that, on the 19th of November 1856, the principal defendant, a trader residing in London, being in Boston, deposited in nis hands £1000 of Bank of England notes, to be held in trust for Henry C. Andrews, a minor son of the defendant; that the

defendant was on the point of sailing for England at the time when the deposit was made, and, there being no time to prepare a deed of trust, it was agreed between the parties that Chandler should retain the money for six months, and in the mean time prepare a deed of trust; and, accordingly, Chandler signed a receipt as follows : " Boston, Nov. 19, 1856. Received of Henry Q. Andrews of London five thousand dollars, in Bank of England notes, the same being in trust for the son of said Andrews, whom he is about to leave in this country, to be retained six months, at eight per cent. per annum interest." In January 1857 Chandler received a letter from Edward Fuller of London, dated December 19, 1856, stating that Andrews had become a bankrupt under the English laws, and that William Bell had been appointed assignee of his property, and claiming for Bell, whose attorney Fuller was, the money so left in Chandler's hands. Henry C. Andrews, who still remained in this commonwealth, a minor, at school, having no guardian at the time when the trustee's answer was filed, appeared, by a guardian subsequently appointed, as claimant.

At the hearing in the superior court, the trustee was discharged, and the plaintiff appealed.

*O. Stevens*, for the plaintiff.

*C. P. Chandler*, for the trustee.

*L. M. Child*, for the claimant.

Hoar, J. The plaintiff's cause of action being a debt contracted by the defendant since the money was deposited in the hands of the supposed trustee, and there being no evidence of fraud, the only question to be decided is, whether the transfer of property was complete, as against the defendant himself. If by the transaction disclosed in the answer, the property passed to Chandler, as a trustee for the defendant's son, so that the relation of trustee and *cestui que trust* was fully established, then, according to all the authorities, the rights of the *cestui que trust* against the creator of the trust became perfect. But if the transaction was only a loan of money by Andrews to Chandler, for which Chandler was responsible to Andrews, and which Andrews retained the right to control or dispose of to any extent

Sherwood v. Andrews & trustee.

for his own benefit, there was no transfer of property; and the mere statement of an intention to create a trust in the future would not avail against a subsequent change of purpose, or against an attachment by creditors, before that intention had been carried into effect. *Ellison* v. *Ellison*, 6 Ves. 656. *M'Fadden* v. *Jenkyns*, 1 Phillips R. 153. *Collinson* v. *Pattrick*, 2 Keen, 123. *Antrobus* v. *Smith*, 12 Ves. 39. *Moore* v. *Darton*, 7 Eng. L. & Eq. 134. *Hughes* v. *Stubbs*, 1 Hare, 476.

We are of opinion that, by the terms of the contract disclosed, a complete trust was created; and that no power of disposal for his own benefit was retained by Andrews. The trustee states in his answer that the defendant deposited in his hands " one thousand pounds, of Bank of England notes, to be held in trust for Henry C. Andrews;" that, there being no time to prepare a deed of trust when the money was received, it was agreed that the trustee should retain it for six months, at eight *per cent. per annum* interest, and in the mean time prepare a deed of trust; and the trustee gave a receipt to that effect. The money was thus accepted by Chandler in trust for the son, and not as a debtor of the father. No contract was made, or obligation created, in any event or under any circumstances to repay it to the defendant. The stipulation that the trustee should retain it for six months, at a specified rate of interest, was intended merely to authorize the trustee to use the trust fund for his own purposes for a limited time, upon his own individual credit, instead of investing it upon sufficient security, which would have been his duty in the absence of such an agreement.

It is true that a trust deed was to be prepared; and the argument is that, until this was executed, as its terms and limitations had not finally been agreed upon, the power of the defendant to control the property had not terminated. But no power was reserved to execute any deed, or give any direction to the property, except for the exclusive benefit of the son. The trust was general, until a 'particular appointment should be made; and the reservation of a power of appointment would not prevent the property from vesting in the trustee, the property being such

as would pass by delivery, and without a deed, if such were the intention of the parties.

As we think the trust was fully created, and that the money was not received by Chandler as the property of the defendant, there is no necessity of considering the comparative claims of the plaintiff and the defendant's assignee in bankruptcy.

*Trustee discharged.*